**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**AMARILLO DIVISION**

| | | |
|---|---|---|
| RAYMOND GARCIA, | § | |
| | § | |
| PLAINTIFF, | § | |
| v. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| BARRETT & CROFOOT FEEDYARDS, LLP, | § | 2:05-CV-162-J |
| and BARRETT & CROFOOT FEEDYARDS, | § | |
| LLC, | § | |
| DEFENDANTS. | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'
RULE 8 MOTION FOR A MORE DEFINITE STATEMENT and CONVERTING
PART OF DEFENDANTS' MOTION TO DISMISS INTO A RULE 56 MOTION**

Before the Court is Defendants' Rule 12(b) motion, filed August 15, 2005, to dismiss Plaintiffs' first amended complaint or, in the alternative, Rule 8 motion for a more definite statement. For the following reasons the Defendants' Rule 8 motion is denied and their Rule 12(b) motion is in part denied and in part converted into a Rule 56 motion for summary judgment.

*Plaintiff's Claims and Defendants' Grounds for Dismissal*

Plaintiff Garcia alleges violations of Tile VII (race and national origin discrimination) and the ADEA (age discrimination), as well as state-law based claims. He alleges that his employers (whom he names as Defendants Barrett & Crofoot Feedyards, **LLC** *and* Barrett & Crofoot Feedyards, **LLP**) engaged in disparate treatment, favoring Caucasian employees over Hispanics and African-Americans, permitted a hostile work environment, and constructively discharged him. He alleges that the LLP is the alter ego of the LLC.

Both Defendants seek dismissal for failure to perfect service of process upon one party defendant (the LLC), for failure to exhaust administrative remedies as to that party, or, in the

alternative, for a more definite statement. Defendants state that the LLP was Plaintiffs employer. Defendants argue that the EEOC charge was filed only against the LLP, not against the LLC.

*Service of Process*

Service in this case upon the LLP was accomplished by certified mail, return receipt required, restricted delivery to the named addressee only. The named addressee was G. Patrick McGinty, as the agent for service upon the LLP. The hand-printed signature on the return receipt is McGinty. The delivery address was 205 West Forth Street, Suite 201, Hereford, Texas. Defendants note in a footnote that McGinty is the registered agent for the LLC, that the LLP has no registered agent, but that the LLP waives its right to complain of improper service. Only the LLC contests service. It is not disputed that both the LLP and the LLC actually received notice of this suit.

Defendants allege that service upon the LLC is deficient because it was delivered to the LLP's receptionist, Kristy Holly, not to McGinty. The record reflects otherwise. The return receipt has McGinty's printed name signed upon it, below a signature which might or might not be Holly's. Whether a person is a proper agent for service of process is determined by federal law. *See National Equipt. Rental, Ltd. v. Szukhent,* 375 U.S. 311, 216, 84 S.Ct. 411, 414 (1964). Service upon a company receptionist as the express or implied apparent agent for the company's registered agent can be valid service of process under federal law, even if the receptionist did not work for the company sued in the process as served. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,* 840 F.2d 685, 688 (9th Cir. 1988).

Further, it is not clear from the limited record now before the Court by which entity or entities Holly is employed – the LLP as Defendants allege or the LLC for whom McGinty is the

2

registered agent. It is not clear where the LLC's place of business is, if it is not where she works. What is clear is that McGinty's name is hand signed on the return receipt card evidencing delivery of the summons and the original complaint upon him as agent for the LLC.

For these reasons Defendant Barrett & Crofoot Feedyards, LLC's motion to dismiss for failure to perfect service of process is denied.

*Failure to Name a Party in an EEOC Charge*

In addition, Defendants seek dismissal because the LLC was not a named party in Plaintiff's EEOC charge. Plaintiff's EEOC charged named "Barrett and Crofoot, Inc." of "3180 County Road 4, Hereford, Texas 79045" as the responding party. The EEOC determination and right-to-sue letter named the responding party as "Barrett & Crofoot Feedyards, LLP" of "P.O. Box 670, Hereford, Texas 79045." How that address and entity change occurred is left unexplained by the parties.

"It is well-settled that courts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies." *National Assoc. of Govt. Emps. v. City Pub. Serv. Brd. of San Antonio, Texas,* 40 F.3d 698, 711 (5th Cir. 1994)(citing *Tolbert v. United States,* 916 F.2d 245, 247-48 (5th Cir. 1990)(*per curiam*)). However, it is also well-established that "the remedial purposes of Title VII, and the paucity of legal training among those whom it is designed to protect, require that a court construe an EEOC charge with the utmost liberality." *Terrell v. U.S. Pipe & Foundery Co.,* 644 F.2d 1112, 1123 (5th Cir. 1981). "All that is required is that [a charge] give sufficient information to enable EEOC to see what the grievance is about." *Id.* at 1123. "The reasonable limits on an investigation potentially triggered by an EEOC charge define not only the substantive limits of a subsequent Title VII action, but also the parties potentially liable in that action." *Id.* at 1123.

3

It is sufficient that an EEOC charge appraise a party "in general terms" of its possible complicity for that party to be a named defendant in a subsequent suit under Title VII. *Id.* at 1123. Therefore a race discrimination claimant who mistakenly filed a Title VII action against the hotel chain (rather than corporation owing hotel franchise, which was a proper defendant) was allowed to amend the complaint pursuant to Rule 15(c) to substitute the proper party under a "relation back" theory, such that the amendment relates back to the date of the original complaint and meets the Title VII requirement that suit must be brought within 90 days of receiving of right to sue letter from the EEOC. *Barkins v. International Inns, Inc.,* 825 F.2d 905, 907 (5th Cir. 1987). That is permissible even where the hotel chain and the corporation holding the hotel franchise were separate entities and the corporation was not informed of mistaken service of process on hotel chain until more than 90 days after right-to-sue letters were issued. *Id.* In that case, as here, the corporation was aware of the lawsuit through defense counsel which it shared with the hotel chain. The Fifth Circuit reasoned that "the civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the investigation," or the parties named thereon. *Id.*

No party addresses these factual issues. No party has briefed these legal issues.

This portion of Defendant LLC's motion to dismiss is therefore converted to a Rule 56 motion for summary judgment. The parties have thirty (30) days to tender competent summary judgment evidence and legal briefs on all these issues.

*Motion for a More Definite Statement*

In the alternative, Defendants seek a more definite statement of two of Plaintiff's claims, his claim of intentional infliction of emotional distress and his breach of fiduciary duty claim, both

brought under Texas law.  The federal rules require that a pleading need only furnish a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. Pro. 8(a).  Plaintiff's amended complaint adequately gives notice of all his claims.  The details of those claims may be fleshed out during discovery.  If Defendants believe they might have a limitations defense to either of these claims, they may pled that defense in their answer.  Defendants may also seek dismissal of these claims in a timely filed and properly supported summary judgment motion.

*Conclusions*

Defendants' motion to dismiss for failure to perfect service of process is denied.

Defendant's alternative motion for a more specific statement is denied.

Defendants' motion to dismiss for failure to exhaust EEOC remedies because of the alleged failure to name the LLC in the original or subsequent EEOC charges is converted to a Rule 56 motion for summary judgment.  The parties are given thirty (30) days to file competent summary judgment evidence related to the legal and factual issues set forth above, as well as any other relevant issues they adequately brief and bring to the Court's attention.

It is SO ORDERED.

Signed this the __27th__ day of October, 2005.


/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
UNITED STATES DISTRICT JUDGE

5